9042

WALKER v. SPARTANBURG REALTY COMPANY.

(84 S. E. 869.)

LANDLORD AND TENANT.  RENT.  APPEAL.

1. APPEAL AND ERROR—LAW CASES—REVIEW.—In reversing the judgment of the Circuit Court on an appeal from a magistrate's Court, the Supreme Court must take the undisputed facts and the view of disputed· facts most strong against. appellant.

2. LANDLORD AND TENANT—RENT.—Where a lease provided that the rent should be payable monthly in advance and that the tenant might surrender the premises any time during the month, on securing another tenant to take its place, a tender of a new tenant on the 17th of the month and of rent only to that date did not discharge the tenant's obligation, as it was liable for the full month's rent.

Before SEASE, J., Spartanburg, June, 1914.   Reversed.

Action by L. P. Walker against Spartanburg Realty Company.   From a judgment of the Circuit Court modifying the judgment of a magistrate's Court so as to allow a landlord rent for only a portion of a month, the landlord appeals. The facts are stated in the opinion.

*Messrs. Johnson & Nash, Lyles & Daniel,* for appellant, cite: *As to tenancy from year to year:* 66 S. C. 162; 30 S. C. 210; 120 N. Y. 37; 17 Am. St. Rep. 607; 8 L. R. A. 221; 60 S. C. 392,; 90 S. C. 50; 44 S. C. 526; 24 Cyc. 1027, 1028, 1033, 1034.   *So in cases from month to month:* 10 A. & E. Enc. L. (2d ed.) 189, 190, 192, 193, 195, 199, 203; Tiedeman Real Property (2d ed.), sec. 214.   *Plaintiff could not enter while defendant held possession:* 54 S. C. 255.

*Messrs. Bomar & Osborne,* for respondent.

March 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case was commenced in the magistrate's Court. This appeal involves, to some extent, questions of fact, which cannot be considered by this Court.

There are six exceptions, but it does not present so many questions.   In order to decide this case, this Court must take the undisputed facts and also the statement of disputed facts most strongly against the appellant.

It, therefore, appears that the respondent rented rooms from the appellant under a verbal contract that had been in force for some months, the rent payable monthly in advance.

On February 1st, 1913, the respondent agreed to keep the premises for the month of February, but should be allowed to surrender the premises at any

time during the month that it saw fit to do so, on condition, however, that it secured another tenant to take its place. On the 17th day of February·the respondent vacated the premises and notified the appellant that it had secured another tenant to take its place. The appellant (the land·· lord) objected to the substituted tenants on the ground that they were undesirable. Why the substituted tenants were undesirable does not appear. When the respondent entered upon the month of February it became liable for the entire month of February, especially as the rent was payable in advance.

The only question in the case that this Court can consider is, did the respondent relieve itself from this liability by offering a substitute on the 17th of February?

It is very manifest that it did not. The rent was payable ·in advance (undisputed). It is undisputed that the rent was not paid on the first of February. There was no tender or even an offer to pay the rent from the 17th of February to the 1st of March, either by the respondent or the substitute tenant. The respondent tendered only the rent to the 17th February. This tender did not discharge the obligation, and the respondent is liable for the full month's rent. Besides, the key to the rooms, that was the token of possession, was not surrendered.

The judgment of the Circuit Court that allowed rent only for the time of actual occupancy is reversed.